UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| JANE DOE, *et al*. | No. 25-1131 |
| *Petitioners,* | Consolidated with 25-1132, 25-1133, and 25-1134 |
| *v.* | |
| SECURITIES AND EXCHANGE COMMISSION, | |
| *Respondent.* | |

**Petitioners' Motion for Leave to Proceed Under Pseudonyms
and for an Order Providing for the Filing Under Seal
of Any Information that Might Tend to Reveal Petitioners' Identity**

Petitioners, whose identities have been separately disclosed to the Court under Addendum 1 to their respective Petitions for Review, move for leave to proceed under pseudonyms and for an order providing for the filing under seal of any information that could tend to reveal their identity.

The basis for this Motion, which is set out in more detail below, is that Petitioners' appeals concern appeals of proceedings before Respondent Securities and Exchange Commission regarding final orders denying their respective whistleblower awards, and that the statute and regulations governing those proceedings require that whistleblowers' identities be kept confidential.

## Background

Petitioners provided original information to Respondent under its whistleblower program, which is established and governed by § 922 of the Dodd-Frank Act, codified at 15 U.S.C. § 78u-6, and by Respondent's implementing rules, codified at 17 C.F.R. § 240.21F-1 *et seq*.

Thereafter, Respondent entered into a consent decree with the entity about whose misconduct Petitioners provided original information to Respondent. Petitioners then filed claims with Respondent seeking whistleblower awards based on the information that Petitioners provided, as authorized by 15 U.S.C. § 78u-6(b)(1); *see id.* § 78u-6(a)(1). Respondent issued a final order denying Petitioners' claims. Petitioners are now appealing that decision to this Court.

The purpose of this motion is to seek leave for Petitioners to proceed under pseudonyms in this Court and to request providing for the filing under seal and to establish procedures for the filing under seal of any information that could tend to reveal Petitioners' identity.[1]

---

[1]     Petitioners note that the regular practice of this Court is to grant whistleblowers leave to proceed under pseudonyms to protect their identities as whistleblowers. *See, e.g.*, *Jane Doe v. SEC*, Case No. 23-1140; *John Doe v. SEC*, Case No. 23-1044; *Jane Doe v. SEC*, Case No. 21-1098; *Jane Doe v. SEC*, Case No. 21-1097.

**Argument**

**Information that might tend to reveal Petitioners' identities should be sealed because the governing statute and regulations require that their identities be kept confidential**

The statute establishing Respondent's whistleblower program requires the

Respondent to keep whistleblowers' identities confidential, providing:

> Except as provided in subparagraphs (B) and (C) [which are irrelevant here], the Commission and any officer or employee of the Commission shall not disclose any information, including information provided by a whistleblower to the Commission, which could reasonably be expected to reveal the identity of a whistleblower, except in accordance with the provisions of section 552a of title 5, unless and until required to be disclosed to a defendant or respondent in connection with a public proceeding instituted by the Commission or any entity described in subparagraph (C).

15 U.S.C. § 78u-6(h)(2)(A).

This duty to keep whistleblowers' identities confidential is also reflected in

Respondent's implementing regulations. *See* 17 C.F.R. § 165.4(a) ("Section

23(h)(2) of the Commodity Exchange Act requires that the Commission not

disclose information that could reasonably be expected to reveal the identity of a

whistleblower.").

Rule 47.1(a) of the D.C. Circuit further provides, "Any portion of the record

that was placed under seal in the district court or before an agency remains under

seal in this court unless otherwise ordered." In view of the statute and regulations

cited above, all information that could reasonably be expected to reveal Petitioners'

identities was in effect placed under seal before Respondent. As a result, Rule 47.1 requires that all such information remain under seal in this Court.

Even if Rule 47.1 did not exist, it would be appropriate—and arguably mandatory—for this Court to keep information that might identify Petitioners under seal given that such information is required by statute to be kept confidential by Respondent. That protection would be rendered meaningless if it did not extend to judicial proceedings seeking statutorily authorized review of Respondent's decisions.

So even apart from Rule 47.1, this Court should give effect to Congress's policy judgment that whistleblowers' identities should be kept confidential.

## Conclusion

For the reasons above, the Court should grant relief as follows:

1.      The Court should grant leave for Petitioners to proceed in this Court under pseudonyms.

2.      The Court should direct that Petitioners' names and other identifying information not appear anywhere on the Court's publicly-available docket or in any publicly-available document issued by the Court.

3.      The Court should order that all filings containing information that might tend to identify Petitioners be filed under seal.

4.     The Court should order that within three business days after the filing

of any paper under seal, a redacted copy of the paper (prepared in accordance with

the requirements of Circuit Rule 47.1(d)(1)) be electronically filed on the public

docket.

Respectfully submitted,

*/s/ Max Maccoby*
Max Maccoby, DC Bar No. 462064
Washington Global Law Group PLLC
1701 Pennsylvania Ave., NW, Suite 200
Washington, D.C. 20006
(202) 248-5434
maccoby@washglobal-law.com
*Counsel for Petitioners*

# <u>CERTIFICATE OF COMPLIANCE</u>

I HEREBY CERTIFY that, in accord with Federal Rules of Appellate

Procedure:

1.     This document complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B)(i) because, excluding the parts exempted by Rule 32(f), it contains 757 words, including footnotes; and

2.     This document complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 21(d) and 32(c) because it has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Times New Roman.

*/s/ Max Maccoby*

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 11th day of June 2024, a copy of the

foregoing was were served on the following by first class mail to:

> Office of the General Counsel
> Securities and Exchange Commission
> 100 F Street NE
> Washington, DC 20549
>
> Office of the Whistleblower (c/o ENF-CPU)
> Securities and Exchange Commission
> 14420 Albemarle Point Place, Suite 102
> Chantilly, VA 20151-1750
>
> */s/ Max Maccoby*